IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WAYNE SMITH,  Petitioner | : : | CIVIL ACTION |
| VS. | : | |
| JOHN E. WETZEL, et. al.  Respondents | : | DKT. NO. 16-CV-5791 |

## STATUS REPORT

**TO THE HONORABLE MITCHELL S. GOLDBERG, JUDGE OF SAID COURT:**

Respondents, through their attorney, William R. Toal, III, Assistant District Attorney, respectfully report the following regarding the status of the above-captioned matter.

The above-captioned matter is proceeding in Post-Conviction Relief Act (PCRA) litigation in state court following the resentencing of petitioner to death for First Degree Murder, which occurred on March 28, 2013, and which involved the imposition of the death penalty.

Petitioner, Wayne Smith, was sentenced to death on March 28, 2013, in the Delaware County Court of Common Pleas by the Honorable James P. Bradley, for the First Degree Murder of Eileen Jones. On June 22, 2012, following petitioner's second penalty phase hearing, a jury found that the Commonwealth established one aggravating circumstance, 42 Pa.C.S. §9711(d)(12) (petitioner's prior conviction for Voluntary Manslaughter), which outweighed the mitigating circumstances (petitioner's father was an abusive

alcoholic who physically abused petitioner, petitioner's mother, and petitioner's siblings; petitioner was a drug abuser from a young age; and petitioner was under the influence of a cocaine induced paranoia at the time of the murder).

Petitioner was tried and convicted of First Degree Murder and was first sentenced to death on May 22, 1995, by the late Honorable Anthony R. Semeraro. Petitioner's conviction followed a jury trial in which it was proven beyond a reasonable doubt that petitioner murdered Eileen Jones by strangling her to death. Petitioner's prior conviction for Voluntary Manslaughter was an aggravating circumstance which the jury found outweighed the mitigating circumstances of petitioner's mental or emotional distress, his showing of remorse and his abusive childhood. Accordingly, the jury returned a sentence of death following the penalty phase of the trial.

Following the formal imposition of sentence, petitioner filed a direct appeal with the Pennsylvania Supreme Court. On May 27, 1997, the Pennsylvania Supreme Court denied petitioner's appeal and affirmed the judgment of sentence. Commonwealth v. Smith, 548 Pa. 65, 694 A.2d 1086 (1997). A petition seeking a stay of execution was granted. A petition for reargument was denied by the Pennsylvania Supreme Court. Commonwealth v. Smith, 549 Pa. 170, 700 A.2d 1261 (1998).

On June 30, 1998, petitioner filed a pro se Post-Conviction Relief Act (PCRA) petition which the Delaware County Common Pleas Court, on July 31, 1998, dismissed without prejudice because petitioner's direct appeal was still pending. A petition seeking certiorari review with the United States Supreme

2

Court was ultimately denied on October 5, 1998. Smith v. Pennsylvania, 528 U.S. 847, 119 S.Ct. 118, 142 L.Ed.2d 95 (1998).

On December 11, 1998, the Delaware County Court of Common Pleas ordered a stay of execution and allowed petitioner's pro se PCRA petition to be re-filed. The federal defenders association filed an amended PCRA petition on July 7, 2000. The Honorable Robert C. Wright (now deceased) heard testimony regarding the petitioner's PCRA allegations on April 22, 23, 25, 26, 2002, August 5 and 8, 2002, and May 15 and 16, 2003. Judge Wright ultimately denied petitioner's PCRA petition on December 31, 2003.

On December 28, 2004, petitioner's appeal of Judge Wright's order denying PCRA relief was submitted to the Pennsylvania Supreme Court. On May 27, 2010, the Pennsylvania Supreme Court affirmed the conviction of petitioner for First Degree Murder but granted petitioner a new penalty hearing on grounds that trial counsel provided ineffective assistance regarding the pursuit of potential mitigation evidence. Commonwealth v. Smith, 606 Pa. 127, 995 A.2d 1163 (2010). A petition seeking certiorari review was denied by the United States Supreme Court on November 1, 2010. Smith v. Pennsylvania, 562 U.S. 1010, 1315 S.Ct. 518, 178 L.Ed.2d 382 (2010).

Following the denial of certiorari review, a new penalty phase was conducted by the Honorable James P. Bradley in 2012. Petitioner was represented in the resentencing proceedings by William Wismer, Esquire. The jury returned a verdict of death after finding that the aggravating circumstance, based on petitioner's prior conviction for Voluntary Manslaughter, 42 Pa.C.S.

§9711(d)(12), outweighed the mitigating circumstances of petitioner's emotional distress, 42 Pa.C.S. §9711(e)(2), and his abusive childhood, 42 Pa.C.S. §9711(e)(8). Judge Bradley sentenced petitioner to death on June 22, 2012, immediately following the jury's unanimous verdict, however, the sentencing court did not advise petitioner of his post-sentence rights at that time. On March 28, 2013, petitioner was formally sentenced to death and was properly advised of his appellate and post-sentence rights.

On December 21, 2015, the Pennsylvania Supreme Court affirmed the judgment of sentence. Commonwealth v. Smith, 635 Pa. 381, 131 A.3d 467 (2015).

On October 3, 2016, the United States Supreme Court denied petitioner's application for certiorari review. Smith v. Pennsylvania, __ U.S. __, 137 S.Ct. 46, 196 L.Ed.2d 53 (2016).

On November 10, 2016, the federal defenders were appointed by the federal court to represent petitioner in federal court and were ordered to file a federal habeas corpus petition within 180 days. [U.S.D.C. E.D. Pa. Dkt. No. 16-cv-5791].

On January 18, 2017, the Pennsylvania Secretary of Corrections, John Wetzel, signed a Notice of Execution for petitioner, setting March 28, 2017 , as the date for petitioner's execution.

On January 20, 2017, the federal defenders filed an "Emergency Motion for Stay of Execution." On January 25, 2017, the Honorable Mitchell S. Goldberg,

of the United States District Court for the Eastern District of Pennsylvania, signed a stay of execution. [U.S.D.C. E.D. Pa. Docket No. 16-cv-5791]

On June 6, 2017, petitioner filed a pro se PCRA petition in the Court of Common Pleas of Delaware County. The PCRA court appointed Scott Galloway, Esquire, to serve as PCRA counsel for petitioner.

On October 29, 2018, PCRA counsel served the Commonwealth with a copy of an attorney prepared amended PCRA petition, even though the certificate of service wrongly states that service was made on October 15, 2018.

The Commonwealth's answer to the PCRA petition is due to be filed in the Court of Common Pleas of Delaware County on or before May 20, 2019.

Respectfully,

/s/ William R. Toal, III
William R. Toal, III    (WRT 1961)
Assistant District Attorney

cc:  Honorable James P. Bradley
      Scott D. Galloway, Esquire
      Shawn Nolan, Esquire

## PROOF OF SERVICE

**WILLIAM R. TOAL, III,** Assistant District Attorney, hereby certifies that on May 2, 2019, this document was electronically filed and is available for viewing and downloading from the ECF system. I served the persons in the manner indicated below as required by the Federal Rules of Civil Procedure Rule 5.

**BY ELECTRONIC FILING OR
FIRST-CLASS MAIL
AS FOLLOWS:**

Honorable Mitchell S. Goldberg
United States Magistrate Judge
United States District Court,
Eastern District of Pennsylvania
U. S. Courthouse
601 Market Street, Room No. 7614
Philadelphia, PA 19106-1741

Honorable James P. Bradley
Court of Common Pleas
Delaware County Courthouse
Media, PA  19063
(610) 891-8785

Shawn Nolan, Esquire
Chief, Capital Habeas Unit
Federal Defender Office
601 Walnut Street, Ste. 545
Philadelphia, PA  19106-3314
(215) 514-6133
(Attorney for Petitioner)

Scott D. Galloway, Esquire
1215 W. Baltimore Pike, Suite 14
Media, PA   19063
(610) 891-0503
(Attorney for Petitioner)

/s/  William R. Toal, III
William R. Toal, III     ID # 42549
Assistant District Attorney
Office of the District Attorney
Delaware County Courthouse
201 West Front Street
Media, PA 19063-2783
(610) 891-4210
(Attorney for respondents)